UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RENE A. LAUREANO,<br><br>    Plaintiff,<br><br>v.<br><br>MASSACHUSETTS SEX OFFENDER<br>REGISTRY BOARD,<br><br>    Defendant. | *<br>*<br>*<br>*<br>*    Civil Action No. 25-11695-ADB<br>*<br>*<br>*<br>*<br>* |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

    *Pro se* plaintiff Rene Laureano has filed an amended complaint [ECF No. 4] in which he challenges the decision of the Massachusetts Sex Offender Registry Board ("SORB") that he has been convicted of a crime which would require him to register as a sex offender. In addition to challenging the SORB's conclusion that he must register as a sex offender, Laureano alleges that SORB violated his right to due process by requiring him to register before the "proper classification" was completed. Amend. Compl. ¶ 11. Laureano represents that he has "exhausted all administrative remedies, including appeals before SORB, and now seeks judicial intervention." Id. ¶ 11. Laureano asks this Court to declare that the "SORB's classification of him is unlawful and that he is not required to register under Massachusetts law," and further, to require the SORB to "remove his classification and all related registry requirements." Id. ¶¶ 14, 15. For the reasons set forth below, the Court DISMISSES this action.[1]

---

[1] Laureano represents that the SORB initially classified him as a Level 2 offender but reclassified him as a Level 1 offender upon his appeal of the first classification decision. Amend. Compl. ¶ 6.

I.     **Motion for Leave to Proceed** *in Forma Pauperis*

Upon review of Laureano's motion for leave to proceed *in forma pauperis* [ECF No. 2], the Court GRANTS the same.

II.     **Review of the Complaint**

Because Laureano is proceeding *in forma pauperis*, his complaint is subject to a preliminary screening. Under federal law, the Court may dismiss the complaint of a plaintiff proceeding *in forma pauperis* if the claims in the pleading are malicious or frivolous, fail to state a claim upon which relief may be granted, or seek monetary damages against a party that is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). Further, a court has an obligation to inquire *sua sponte* into its own jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). In conducting this review, the Court liberally construes Laureano's pleading because he is proceeding *pro se*. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

Laureano fails to state a claim upon which relief may be granted because the SORB, which is an arm of the Commonwealth of Massachusetts, is not subject to suit in this Court concerning the matters raised in the complaint. Under the doctrine of Eleventh Amendment immunity, it is recognized that States (including their departments, agencies, and officials acting in their official capacities) have immunity from suit in a federal court unless the State has consented to be sued in federal court or Congress has overridden the State's immunity. See Virginia Off. for Prot. & Advocacy v. Stewart, 563 U.S. 247, 253 (2011).[2] ("[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State.");

---

[2] The sovereign immunity of a state is often referred to as "Eleventh Amendment immunity" because the Eleventh Amendment to the United States Constitution "confirm[ed] the structural understanding that States entered the Union with their sovereign immunity intact." Va. Off. For Prot., 563. U.S. at 253.

Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002) (upholding dismissal of claims against Massachusetts trial court on the ground of Eleventh Amendment immunity). Here, Laureano has not stated any claim for which Congress has abrogated, or the Commonwealth has waived, its immunity. Therefore, he has failed to state a claim upon which relief may be granted.[3]

The Court notes that Massachusetts law provides for state court review of a final decision of the SORB, at which a party is free to raise any constitutional challenges. See M.G.L. ch. 6, § 178M; M.G.L. ch. 30A, § 14; 803 C.M.R. § 1.24. This proceeding must be commenced in the state Superior Court. M.G.L. ch. 30A, § 14. An indigent party may request that counsel be appointed for this proceeding. M.G.L. ch. 6, § 178M.[4]

### III.     Conclusion

In accordance with the foregoing, the Court hereby orders:

1. The motion for leave to proceed *in forma pauperis* [ECF No. 2] is GRANTED.

2. This action is DISMISSED without prejudice to Laureano seeking relief in the appropriate state court.

3. To the extent not mooted by this order, all other motions are DENIED.

IT IS SO ORDERED.

July 30, 2025                                          /s/ Allison D. Burroughs
                                                                ALLISON D. BURROUGHS
                                                                U.S. DISTRICT JUDGE

---

[3] The Court notes that any claim for violations of constitutional rights against the Commonwealth under 42 U.S.C. § 1983—in federal or in state court—fails as a matter of law because states are not subject to suit under this statute. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

[4] "[E]xcept otherwise provided by law," judicial review of a final administrative decision must be commenced within 30 calendar days from the date of the receipt of the agency's final decision. M.G.L. ch. 30A, § 14; *see also* 803 C.M.R. § 1.24. Whether the deadline can be extended is a matter for consideration by the state court.